UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07CV85-J

FRED K. KELLEY                                                                                                  PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Fred Kelley's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claims for Disability Insurance Benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the matter should be remanded.

Plaintiff filed an application for Disability Insurance Benefits on March 8, 2004 alleging that he became disabled on September 14, 2001, at age 41 from rheumatoid arthritis in the right knee, hands and back; right lung removal; emphysema; depression; alcoholism; and high blood pressure Tr. 109). His work history includes work as a landscape manager, gerber cutter operator, carpenter/electrician, trailer mechanic, warehouse worker, and construction delivery (Tr. 101-110). He has a high school education, plus training in industrial electricity and EMT (Tr. 389). Following a hearing on February 23, 2005 at which plaintiff offered testimony, Administrative Law Judge Thomas R. Bryan ("ALJ") found that the claimant has severe impairments of chronic obstructive pulmonary disease and degenerative joint disease of the left knee that prevent him from returning to any of his previous work. The ALJ found that he remains capable of performing a full range of sedentary work. Plaintiff appeals from this unfavorable decision.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); <u>Elam ex. Rel. Golay, v. Commissioner</u>, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, <u>Kirk v. Secretary of HHS</u>, 667 F.2d 524 (6th Cir. 1981); <u>Jones v. Secretary of HHS</u>, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, <u>Smith v. Secretary of HHS</u>, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ erred by: 1) mechanically applying the medical-vocational guidelines, despite the presence of significant non-exertional impairments; 2) failing to make specific findings that if the plaintiff followed his doctor's recommendations that he stop smoking, he would be able to return to work; 3) giving more weight to a non-examining physician than to examining physicians. This case was denied at the fifth and final step of the sequential evaluation process. No vocational expert testified at the administrative hearing. The ALJ found that the claimant suffers from chronic obstructive pulmonary disease, and should "avoid concentrated

2

exposure to wetness, humidity, fumes, odors, dusts, gasses or poor ventilation . . . ." Tr. 22. The ALJ determined that, "The claimant has the residual functional capacity to perform the full range of sedentary work." Thus, the ALJ based his decision upon a direct application of Rule 201.21 of Appendix 2 of the regulations. SSR 96-9p authorizes a direct application of the Appendix 2 rules in certain circumstances. Appendix 2 is also known as the Medical-Vocational Guidelines, or grid rules. Grid Rule 201.21 contemplates a maximum exertional capacity for "sedentary" work.

In his written decision, the ALJ correctly identified the two prerequisites for a direct application of the grids such as occurred in this case, as opposed to utilization of vocational testimony, which is typically more closely tailored to a claimant's own specific limitations, to-wit (AR p. 23) (*emphasis added*):

> The Medical-Vocational Guidelines may be used to direct an unfavorable decision only if [1] the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion (as defined in Social Security Ruling 83-10) **and [2] there are no nonexertional limitations.**

An exertional impairment is one that affects the claimant's ability to perform the seven strength demands of: sitting, standing, walking, lifting, carrying, pushing and pulling. SSR 96-9p. A nonexertional impairment is one that affects any other vocationally relevant ability. Hence, a pulmonary impairment resulting in environmental restrictions is a nonexertional impairment. Shelman v. Heckler, 821 F.2d 316 (6th Cir. 1987). If the claimant is found to have any significant nonexertional limitation, the Commissioner may rely on a particular grid rule only as a "framework for decisionmaking." See §200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §404.1569a(d); and Kimbrough v. Secretary, 801 F.2d 794 (6th Cir. 1986). "Reliance upon the grids in the presence of nonexertional limitations requires evidence of some kind that the claimant's nonexertional

3

limitations do not significantly limit the range of work permitted by his exertional limitations." Shelman v. Heckler. Here, RFC environmental limitations notwithstanding, the ALJ found that the claimant has the residual functional capacity to perform the full range of sedentary work (Tr. 24, finding 11).

The primary medical basis in support of claimant's claim of disability is respiratory disease. In 1998, the claimant had half of his right lung removed due to the rare diagnosis of atypical TB. He more recently has been found to have advanced changes of bullous emphysema with moderate scarring. Pulmonary function testing performed in March 2003 revealed moderate obstruction with slight improvement after bronchodilator. It is also noteworthy that the claimant has smoked one and a half packs of cigarettes per day for the past 29 years. As noted previously, the ALJ found that the claimant should avoid exposure to wetness, humidity, fumes, odors, dusts, gasses or poor ventilation. These are respiratory, nonexertional limitations which would preclude the direct application of Medical-Vocational Guidelines. The ALJ erred in utilizing Grid Rule 201.21 to direct an unfavorable decision.

Accordingly, this case is remanded to the Commissioner for a new decision and proper consideration of the claimant's nonexertional pulmonary impairment including, if necessary, vocational testimony.